NOT FOR PUBLICATION                                                               <u>CLOSED</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICCIARDI FAMILY LCC d/b/a/ RICCIARDI COMPANIES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Civil Action No.: 10-3133 (PGS)<br><br><u>**MEMORANDUM AND ORDER**</u> |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant United States Postal Service's ("USPS") motion for judgment on the pleadings ("USPS' Motion"). On or about May 11, 2010, Plaintiff Ricciardi Family LLC d/b/a/ Ricciardi Companies ("Plaintiff") filed a complaint in the Superior Court of New Jersey ("Plaintiff's Complaint") to seek contribution under the New Jersey Spill Act (in particular, N.J.S.A. § 58:10-23.11f.a(2)(a)) on an environmental remediation claim. On June 18, 2010, USPS removed the action to this Court. On October 8, 2010, USPS filed USPS' Motion.

For the reasons set forth below, this Court grants USPS' Motion.

I

Plaintiff is a New Jersey limited liability company. Plaintiff is the successor-in-interest to Thanru Company ("Thanru") via a corporate merger. USPS is "an independent establishment of the

1

executive branch of the Government of the United States" and provides postal services. 39 U.S.C. §§ 201, 403(a).

Plaintiff contends that on or about January 31, 1967, Thanru and USPS entered into a lease agreement (the "Lease") under which Thanru leased to USPS the building and property located in Jefferson Township, Morris County, New Jersey (the "Property") whereon USPS could operate a post office branch. Thanru subsequently merged into Plaintiff.

Years later, on or about May 1, 1996, USPS gave notice to Plaintiff that USPS was terminating the Lease. USPS then vacated the Property, and Plaintiff re-took possession of the Property. Plaintiff discovered that at some point during USPS' occupancy of the Property, USPS had stopped using the underground oil tank which Plaintiff had installed. Plaintiff also discovered that USPS had installed a new above-ground heating oil tank; but never advised Plaintiff that the underground heating oil tank had leaked oil into the ground.

According to Plaintiff's Complaint, USPS had issues with the underground oil tank but had not informed Plaintiff of these difficulties. That is, when USPS was a tenant on the Property, it knew that the underground heating oil tank leaked, and discharged hazardous substances into the soil, groundwater, and surface water on and off the Property.

In 2003, (1) Plaintiff was aware that the heating oil tank had leaked; (2) Plaintiff was aware that USPS may have some culpability for the leak; and (3) Plaintiff started remediation of the contamination from the leak. In particular, Plaintiff specifically concedes in Plaintiff's opposition brief that "the remedial investigation and action . . . started in October 2003." Plaintiff particularly states that "[t]he underground heating oil tank, and the soils immediately surrounding it, were dug out in October 2003." In addition, Geo-Solutions, Plaintiff's environmental consultant, specifically

noted in an e-mail that "[t]he initial remedial actions were conducted in 2003."

Plaintiff learned of the hazard, reported it, and was required to investigate and remediate this contamination. Plaintiff took the necessary steps to remediate the hazard and obtained a "No Further Action Letter" from the New Jersey Department of Environmental Protection ("NJDEP") on or about January 18, 2007. The cost of remediation was approximately $252,355.14, which Plaintiff seeks to recover.

As stated above, Plaintiff filed suit on May 11, 2010, more than six years after 2003.

## II

USPS moves to dismiss Plaintiff's Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." USPS contends that this Court lacks subject matter jurisdiction over this dispute. "A Rule 12(c) motion for judgment on the pleadings based upon a lack of subject matter jurisdiction is treated as a Rule 12(b)(1) motion to dismiss the complaint." *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 448-49 (S.D.N.Y. 2001) (citation omitted). As such, this Court will evaluate USPS' Motion as a Rule 12(b)(1) motion to dismiss.

USPS maintains that subject matter jurisdiction does not exist because the claim against USPS is barred by the applicable statute of limitations and, as a result, the doctrine of sovereign immunity shields USPS from liability. When the United States has waived sovereign immunity, the expiration of the limitations period can be "construed as a bar to jurisdiction, and thus a proper subject for a motion to dismiss under Rule 12(b)(1)." *W. Va. Highlands Conservancy v. Johnson*, 540 F. Supp. 2d 125, 138 (D. D.C. 2008) (internal quotation marks and citation omitted).

3

USPS' Motion is a "factual" challenge to subject matter jurisdiction. When a court considers a factual challenge to subject matter jurisdiction under Rule 12(b)(1), the court may evaluate the merits of each side's position. *Mortensen v. First Fed. Sav. and Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977); *see also The Mennen Co. v. Atl. Mut. Ins. Co.*, 147 F.3d 287, 294 (3d Cir. 1998) (citations omitted). Generally on such a motion, there is no presumption of truthfulness to a claimant's allegations, and the non-moving party bears the burden of proving that subject matter jurisdiction exists. *See Mortensen*, 549 F.2d at 891.

### III

"[E]very civil action commenced against [USPS] shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a); *see* 39 U.S.C. § 409(b).

"[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957) (citation omitted). As a result, Section 2401(a) – the statute setting forth the applicable six-year statute of limitations – must be strictly construed. *Spannaus v. U.S. Dept. of Justice*, 824 F.2d 52, 60 (D.C. Cir. 1987). This statute is "more than an ordinary statute of limitations; it is a condition on the waiver of sovereign immunity, and we are obliged to construe such waivers strictly." *Ibid.* As a result of this strict procedural framework, if a claim against the United States is not timely under Section 2401(a), then "the district court [is] without authority to grant the monetary relief requested." *United States v. Sams*, 521 F.2d 421, 428 (3d Cir. 1975).

### IV

This Court must ascertain the date on which Plaintiff's New Jersey Spill Act cause of action

accrued.[1] USPS maintains that Plaintiff's cause of action accrued sometime in 2003 when Plaintiff first submitted information to the NJDEP regarding the alleged contamination of the Property and began its cleanup effort. Plaintiff maintains, however, that Plaintiff's cause of action did not accrue until 2006 when the heating oil and contamination were removed completely.

The District of New Jersey has delineated the moment at which a New Jersey Spill Act contribution claim accrues. *See Kemp Indus., Inc. v. Safety Light Corp.*, 1994 WL 532130, at *31 (D.N.J. Jan. 25, 1994). In *Kemp Indus., Inc.*, the plaintiffs, upon purchase of a parcel of property, discovered that a prior landowner had disposed cadmium on the property. *Id.* at *2. After removing chemicals from the property, the plaintiffs commenced a New Jersey Spill Act contribution action. *Id.* at *6. After a defendant moved for summary judgment on the grounds that the statute of limitations barred the plaintiffs' contribution claim, the court addressed the accrual date of a New Jersey Spill Act contribution claim. *Id.* at *30-32. The *Kemp Indus., Inc.* court set forth a three-part test: "[The plaintiffs'] cause of action accrued when they became aware, or should have become aware, that (1) a discharge of cadmium had occurred, (2) for which a third party may be responsible, and (3) they engaged in cleanup of this discharge." *Id.* at *31. The *Kemp Indus., Inc.* court elaborated:

> [A] contribution plaintiff can recover 'whenever [he] cleans up and removes a discharge of a hazardous substance....' N.J.S.A. 58:10-23.11f(a)(2). Similarly, under section 23.11g(c), defendants under section 23.11f(a)(2) are liable only 'for all cleanup and removal costs.' N.J.S.A. 58:10-23.11g(c). Therefore, a cause of action under section 23.11f(a)(2) can accrue only when a plaintiff has engaged in cleanup and removal of a discharge of a hazardous substance. *See*

---

[1] *See UTE Distribution Corp. v. Sec'y of Interior of U.S.*, 584 F.3d 1275, 1282 (10th Cir. 2009) ("Determination of the accrual date of an action is critical for purposes of applying § 2401(a).").

>   *Hatco Corp. v. W.R. Grace & Co.-Conn.*, 836 F. Supp. 1049, 1093
>   (D.N.J. 1993) ( 'To qualify as a contribution plaintiff [under the Spill
>   Act], [plaintiff] must demonstrate that it has cleaned up and removed
>   a discharge of a hazardous substance.').

*Id.* at *32.[2]

As specified in the above facts demonstrating Plaintiff's remediation efforts in 2003, it appears that Plaintiff's contribution claim accrued in 2003. Because greater than six years passed between 2003 and the date of the filing of Plaintiff's Complaint (May 2010), Plaintiff's Complaint is barred by the statute of limitations. "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *See United States v. Mottaz,* 476 U.S. 834, 841 (1986) (citation omitted). As a result, Section 2401(a) is "more than an ordinary statute of limitations; it is a condition on the waiver of sovereign immunity, and [the court is] obliged to construe such waivers strictly." *Spannaus*, 824 F.2d at 60. Plaintiff has not satisfied its burden of proving that Plaintiff's contribution claim is not time-barred and therefore barred by the doctrine of sovereign immunity.

## V

Since the above motion to dismiss was granted, the court would "freely" provide the plaintiff with leave to amend its complaint "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). "Liberality is the keystone of [amending federal complaints] . . . [and] [u]nder [this] liberal pleading philosophy . . ., an amendment should be allowed whenever there has not been undue delay, bad faith

---

[2] *See also Preferred Real Estate Invs., Inc. v. Edgewood Props., Inc.*, 2007 WL 81881, at *2 (D.N.J. Jan. 9, 2007) (citations omitted) ("To adequately plead a claim under the Spill Act, a plaintiff must allege that (1) a defendant was 'in any way responsible' for the discharge of a hazardous substance; and (2) that the plaintiff engaged in clean-up or removal of the hazardous substance.").

on the part of the plaintiff, or prejudice to the defendant as a result of the delay." *Prof'l Cleaning and Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 Fed. Appx. 161, 165 (3d Cir. 2007) (internal quotation marks and citation omitted). On the other hand, a court may deny leave to amend a pleading where any such amendment would prove futile. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted).

Permitting Plaintiff to amend Plaintiff's Complaint would be futile. Plaintiff has not presented facts demonstrating that remedial action started later than 2003. Moreover, Plaintiff has not demonstrated that the continuing claim doctrine applies. In particular, Plaintiff has presented no documentation that USPS' actions can be "broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed. Cir. 1997). As a result, "justice [does not] require[]" that Plaintiff be afforded an additional opportunity to cure the deficiencies present in Plaintiff's Complaint. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff is therefore denied leave to amend Plaintiff's Complaint.

## VI

This Court has reviewed all submissions. For the reasons set forth in the above Memorandum,

IT IS on this 19 day of July 2011,

ORDERED that USPS' Motion (Docket Entry 10) is granted.

PETER G. SHERIDAN, U.S.D.J.